

**STEVEN M. GALLANT**
EXECUTIVE VICE PRESIDENT
GENERAL COUNSEL
Telephone: (636) 827-4290
Fax: (636) 827-3708
E-Mail: steve.gallant@maritz.com

August 31, 2020

Drew:

This letter is sent both in response to your recent request for copies of your employment documents with Maritz Holdings Inc., and to address recent incidents of serious misconduct in violation of your agreement with Maritz, and which resulted in the conversion of your temporary furlough to a termination of your employment with Maritz. Enclosed are copies of the following documents: (1) Maritz's April 19, 2017 offer letter to you; and (2) your Confidentiality, Non-Competition, Non-Solicitation and Inventions Agreement (the "Agreement"), signed by you on May 22, 2018.

It has come to our attention that you —while still employed by Maritz— solicited a number of Maritz' customers and prospective customers to cease or limit their business with Maritz and/or do business with some other entity with which you are or intend to become affiliated, including in at least one case making disparaging remarks about Maritz in the process. We are also aware that you have solicited at least one Maritz employee to join you in some other business endeavor to compete with Maritz. This conduct is in clear violation of both your contractual duties to Maritz, and your fiduciary duties and other legal obligations. **Maritz demands that you cease and desist from further breaches of your Agreement immediately. If you do not do so, or if we learn of further existing conduct in violation of your Agreement or legal obligations, the company will be forced to take legal action against you for injunctive relief and damages, including its costs and attorneys' fees incurred.**

Please review the attached Agreement carefully to ensure that you understand and will abide by your post-employment obligations to Maritz going forward. These obligations include, but are not limited to:

1. Your covenant not to directly or indirectly compete with Maritz for a period of 12 months following your termination, which prohibits you from working on behalf of, or otherwise assisting, any business that provides goods or services that are the same or substantially similar to those provided by Maritz during the last 24 months of your employment (¶ 2);

2. Your covenant not to solicit, divert, provide competitive services for, or otherwise diminish Maritz's business relationship with any customers, suppliers, vendors, or referral sources you had contact with during the last 24 months of your employment with Maritz, for a period of 12 months following your termination (¶ 3);

3. Your covenant not to solicit or influence any Maritz employee (who was employed by Maritz in the last 90 days of your employment) to end his or her employment with Maritz, for a period of 12 months following your termination (¶ 4);

4. Your obligation to maintain the confidentiality of the Confidential Information of Maritz and Maritz's customers, including the obligation to not use or disclose any such Confidential Information, and to return all such Confidential Information to Maritz at the conclusion of your employment (¶ 5); and

5. Your obligation not to use any Maritz intellectual property for your own benefit or the benefit of any other business (¶ 6(d)).

Note that your Agreement entitles Maritz to injunctive relief to prevent or terminate any violation of your Agreement (¶ 8). In the event legal action is necessary, you will be obligated to reimburse Maritz for its costs and attorneys' fees incurred in litigation, which are likely to be substantial (¶ 14).

Please immediately return all Maritz property in your possession, custody, or control, including but not limited to: your laptop computer; your cell phone; any flash drive, CD, floppy disk, or other removable storage media devices which belong to the company or which contain Maritz information (or its customers' information); any hard-copy documents which belong to the company or which contain Maritz information (or its customers' information); and any other documents or information defined as "Confidential Information" under the Agreement. **Do not destroy, alter, or delete any documents, files, or information which are stored on any company device or in any email account or network. Do not retain, forward, or disclose any documents, files, or information which belong to the company or which contain Maritz information (or its customers' information), whether in a personal email account, cloud storage account, in hard copy, or in any other location or format. In the event you have already done any of the above, we expect you to immediately itemize such conduct in writing and take all reasonable efforts to recover and return any retained or forwarded information.**

Because you are now aware of the potential for litigation, you are obligated to preserve any potentially relevant documents, communications, records, or data in your possession, custody, or control, including but not limited to: electronic mail, text messages, electronic or hard-copy files, text files (such as word processing documents), spreadsheets, or photographs. You must also preserve any file fragments, metadata, or backup files of any responsive documents. Do not delete, alter, erase, or destroy any potentially relevant documents, whether in hard copy or electronic form, and regardless of where they are stored. If you possess any potentially relevant documents which contain Maritz Confidential Information (or its customers' information), please contact me to discuss the return of such information and the preservation and/or removal of this information from any devices or accounts you own or maintain.

Maritz's investigation into these matters is ongoing, and the company reserves all rights with respect to the Agreement and the enforcement of your obligations to Maritz.

If you have any questions or would like to discuss, please do not hesitate to contact me. If we do not hear from you, we will assume that you understand these obligations and intend to abide by them going forward. If you do not do so, we will not hesitate to take action to enforce our legal rights.

Sincerely,

Maritz Holdings Inc.

By: Steven M. Gallant
Executive Vice President, General Counsel


cc:  Gregg Lemley, Esq.

44012701.1



April 19, 2017

Drew Carter

Dear Drew:

We're pleased to confirm our offer of employment and delighted you have agreed to join our team as President, Maritz Motivation Solutions. Your starting salary will be $495,000 annually. Your start date will be on a mutually agreeable date and is subject to a personal background check. We will contact you shortly to complete a formal application, which is part of our hiring process.

In addition to your salary you will also participate in the Motivation Solutions Performance Compensation plan. This annual bonus plan corresponds to the Maritz fiscal year (FY) which runs from April 1st through March 31st. Your targeted bonus is $400,000. You will also be eligible for a special Long Term Value Growth Plan (LTI). Both of these plans are described in the attached "Summary", along with other matters and both will be formalized after your start date.

Maritz takes great pride in being known as a 'people' company. We recognize the value people bring to this organization and that includes you! We are constantly moving toward fulfillment of our vision to be the best in the business, fun to work with and our clients' most valuable ally. We have an unwavering focus on client and marketplace needs. Our strategic partnerships with Fortune 500 companies continue to grow and each and every person is necessary to our continued success. We know you'll be a vital part of our achievements in the future.

Our philosophy at Maritz is "Work hard, have fun and get the job done!" We like to believe that our culture reflects this. We give every person the opportunity to work with the best and the brightest in the business. We're excited to have you at Maritz and we look forward to many great accomplishments together.

Once again, Drew, it is my sincere pleasure to welcome you to Maritz. We're excited to work with you and we're confident that together we will continue to be our clients' most valuable asset. Here's to a bright and successful future together!

Sincerely,


Steve Maritz

Chief Executive Officer
Maritz Holdings, Inc.

Enclosures

# Confidentiality Agreement - S01A (00006503, 1.0)

CLOSE

| | |
|---|---|
| Delivery Type | Web-Based |
| Description | Maritz Confidentiality Agreement. |

Main	Activities	Associated Learning

| | |
|---|---|
| Learner Name | Drew Carter |
| Completion Status | **Successful** |
| Score | 100 |

## Activities

Print | Export | Modify Table

| Module | Activity Type | Requirement | Details | Completion Status | Completed On |
|---|---|---|---|---|---|
| Part 1 of 4: Electronic Consent Content | Content Module | Required | Attempts Allowed: Unlimited Sign Off: Signed Off | Successful | 06-AUG-2017 |
| Part 2 of 4: Electronic Consent Agreement | Content Module | Required | Attempts Allowed: Unlimited Passing Score: 100.00 Score: 100.00 | Successful | 06-AUG-2017 |
| Part 3 of 4: Confidentiality Agreement - S01A | Content Module | Required | Attempts Allowed: Unlimited Sign Off: Signed Off | Successful | 06-AUG-2017 |
| Part 4 of 4: Confidentiality Agreement - S01A Section Sign-Off | Content Module | Required | Attempts Allowed: Unlimited Passing Score: 100.00 Score: 100.00 | Successful | 22-MAY-2018 |

## Attachments

Print | Export

**Name**

course

Confidentiality Agreement...

## Evaluation

No items found

CLOSE

Confidentiality Agreement – S01A

When you close this window, you will then be asked to agree that you have read and understood this agreement. By clicking yes, you acknowledge you have fully reviewed and understand all of the terms of this agreement and that you have agreed to those terms. Once you have completed this activity, you will be prompted to launch the next activity.

## CONFIDENTIALITY, NON-COMPETITION, NON-SOLICITATION AND INVENTIONS AGREEMENT

Maritz Holdings Inc., through its subsidiaries and divisions, (collectively "Maritz") provides market research, travel, meeting and event planning, employee incentive, customer loyalty, rewards, and other solutions, programs and/or services to its customers around the world. Maritz competes globally with firms providing solutions, programs or services similar or comparable to what Maritz provides.

Maritz has spent, and will continue to spend, a great amount of time, money, and effort to develop and maintain proprietary, trade secret, confidential, and other valuable information relating to its customers and business ("Confidential Information"). If this information is disclosed or misused, it would be very harmful to Maritz.

As an employee of Maritz, you ("you") will be given access to Maritz' Confidential Information. Therefore, in consideration of the opportunity for valuable training, work assignments and exposure to Confidential Information during the course of your employment, as well as new or continued employment with Maritz, and, if applicable, eligibility to participate in a Maritz offered bonus program, you make the following promises:

1. **You Have No Agreements With Others.** You represent that you do not have a non-competition, non-solicitation, confidentiality or any other type of agreement with any business that would prevent you from being employed by, or performing any of the duties of your position with Maritz, and that you will not use confidential information belonging to another person or business in your performance of services for Maritz. If you have such an agreement, then you agree to immediately disclose and provide a copy of such agreement to Maritz.

2. **You Will Not Compete Against Maritz.** During your employment with Maritz and for 12 months after such employment ends (for any reason whatsoever), you agree that you will not work on behalf of, or otherwise assist, any business that provides any goods or services that are the same or substantially similar to, or competitive with, the solutions, programs or services Maritz provided during the last 24 months before Employee's separation of employment from Maritz. This restriction only applies to (i) businesses within the United States of America, and (ii) executive, managerial, supervisory, sales, marketing, research, operational or customer-related services provided for your own benefit, or to assist another business in competing, directly or



indirectly (including assisting or having another person or entity do for me what I otherwise may not under this paragraph), against Maritz. Further, you agree that you will not accept or continue any business relationship (whether as an employee, independent contractor or otherwise) with any business in which there is a reasonable likelihood that you may use or disclose any Confidential Information.

3. **You Will Not Solicit Maritz' Customers, Suppliers, Vendors, or Referral Sources.** During your employment with Maritz, and for 12 months after such employment ends (for any reason whatsoever), you agree not to solicit, divert, provide competitive services for, or otherwise take any action to diminish Maritz' business relationship with, any Maritz customer, supplier, vendor, or referral source that you had business contact with during the last 24 months of your employment with Maritz. You further agree not to take any of the above actions, either directly or indirectly, for your own benefit or for the benefit of another business.

4. **You Will Not Solicit Maritz' Employees.** During your employment with Maritz and for 12 months after such employment ends (for any reason whatsoever), you agree not to solicit or influence any Maritz employee to end his/her employment with Maritz (even if the employee being solicited initiates contact) or otherwise attempt to interfere with the employment relationship between Maritz and any Maritz employee, including the employee's duty of loyalty to Maritz. This means you cannot solicit or influence any of these employees to end his/her employment with Maritz, either directly or indirectly, for your own benefit or for the benefit of another business. For purposes of this paragraph, "Maritz employee" includes anyone who is employed by Maritz at the time of solicitation, or who was employed by Maritz within 90 days prior to any such solicitation.

5. **You Will Keep Maritz' and Maritz Clients' Information Confidential.** You agree that, except as necessary and proper in the scope of your employment with Maritz, you will not disclose Maritz' Confidential Information. Confidential Information includes, but is not limited to, information related to Maritz' operations, personnel, business plans and strategies, pricing, pricing methodologies and profit margins, customers (including customer lists and customer data), suppliers, vendors, referral sources, research and development plans and activities, sales, marketing and business plans and strategies, inventions, concepts, ideas, designs and formulae, market research, computer software and programs (including object code and source code), and computer and database technologies, systems, structures and architectures; so long as such information is not generally known to the public, or if it became known to the public it is through no fault of you. If you receive any Maritz client, or other third-party, proprietary, trade secret, confidential or other valuable information as part of your employment with Maritz, then you agree to keep such information confidential as well. You agree to return any and all Confidential Information, and client or other third party confidential information obtained through your employment with Maritz, to Maritz on or prior to the termination of your employment (for any reason whatsoever) and not keep any copies (in whole or in part), notes, or other documentation of such information.



6. **Intellectual Property Belongs to Maritz.** You acknowledge and agree to the following:

   (a) All ideas, inventions, discoveries, patents, patent applications, technology, improvements, know-how, copyrights, tangible works of expression, derivative works, trademarks, service marks, trade secrets, and the like, which are conceived, developed, discovered, learned and/or otherwise created by you, whether individually or otherwise, during the time that you are employed by Maritz, whether before or after execution of this agreement, whether or not during working hours, that relate to: (i) current and anticipated businesses and/or activities of Maritz; (ii) Maritz' current and anticipated research or development; or (iii) any work performed by you for Maritz (collectively, "Intellectual Property"); are and will continue to be the sole and exclusive property of Maritz. You also acknowledge and agree that, unless agreed otherwise in writing, Maritz owns and will continue to own any and all worldwide right, title and interest in, to, and under such Intellectual Property.

   (b) Any and all Intellectual Property conceived, developed, discovered, learned and/or otherwise created by you will be and remain a "work made for hire" for the sole and exclusive benefit of Maritz according to the copyright laws of the United States and any other country in the world.

   (c) In the event that you acquire, by operation of law or otherwise, any right, title or interest in, to or under any Intellectual Property, then you will assign, and hereby do assign, to Maritz, its successors and assigns, any and all right, title and interest in, to and under all such Intellectual Property.

   (d) You will not use any Intellectual Property for any purpose other than in service to Maritz, and will not use any Intellectual Property for your own benefit or for the benefit of any other business, unless you first obtain Maritz' written consent.

   (e) Without limiting the generality of the foregoing, Maritz has and will continue to have the sole and exclusive right to register the copyright(s) in all Intellectual Property in its name as the owner and author of such works and will have the exclusive rights conveyed under 17 U.S.C. § 106 and 106A, and any similar rights granted under any other country's laws, including, but not limited to, the right to make all uses of the works in which attribution or integrity rights may be implicated.

   (f) To expressly and forever waive any and all rights that you may have arising under 17 U.S.C. § 106A, and any rights arising under any other laws, or under the laws of any countries, that conveys rights which are similar in nature to those conveyed under 17 U.S.C. § 106A, or any other type of moral right or droit moral.



(g) Whenever requested to do so by Maritz, at Maritz' expense, to execute any and all applications, assignments or other instruments which Maritz deems desirable or necessary to protect its Intellectual Property interests.

(h) To make a complete written disclosure to Maritz of any Intellectual Property, when and as it arises, is conceived or is reduced to practice, specifically pointing out the features or concepts that Employee believes to be new or different.

The promises contained in this section do not apply to any work product for which no equipment, supplies, facility, or Confidential Information of Maritz was used and which was developed entirely on your own time, unless the work product (i) relates to Maritz' actual or anticipated business, (ii) was related to Maritz' actual or demonstrably anticipated research or development, or (iii) results from any work you performed for Maritz.

7. **You Remain an At-Will Employee.** You understand and agree this agreement does not constitute an employment agreement between you and Maritz for a specified term of employment or limits the right of either Maritz or you to terminate your employment with Maritz at any time and for any reason.

8. **Promises Given Are Reasonable.** You acknowledge and agree that the promises and restrictions in this agreement are reasonable and necessary for the protection of Maritz and its business, and are not limited in time to the duration of your employment, but extend after and will survive the termination of your employment, irrespective of the reason for its termination. You further acknowledge and agree that Maritz is and will continue to be entitled to seek an injunction or other forms of equitable relief to prevent or terminate any violation of your promises or restrictions. Any such relief will be in addition to, and not in lieu of, any other remedy available to Maritz, whether at law or in equity.

9. **No Rights Are Waived.** You agree that Maritz' failure to enforce at any time any portion of this agreement, or to require at any time performance by you, will in no way be construed to (i) be a waiver of any rights under this agreement, (ii) affect the validity of this agreement, or any part of this agreement, or (iii) diminish the right of Maritz thereafter to enforce all parts of this agreement in accordance with its terms.

10. **Missouri Law Governs.** You agree that this agreement is to be construed and governed by Missouri law without regard to any conflict of laws principles. Any action concerning this agreement must be decided in a court of competent jurisdiction in St. Louis County, Missouri, with respect to a state court, or the United States District Court for the Eastern District of Missouri, with respect to a federal court.



YOU CONSENT TO THE EXERCISE OF JURISDICTION OF THE COURT IN THE EXCLUSIVE FORUM STATED IN THIS AGREEMENT AND WAIVE ANY RIGHT YOU MAY HAVE TO CHALLENGE OR CONTEST THE REMOVAL OF ANY ACTION BY MARITZ TO FEDERAL COURT OF ANY ACTION YOU MAY BRING AGAINST IT IN STATE COURT.

YOU AND MARITZ MUTUALLY WAIVE ANY RIGHT TO TRIAL BY JURY IN ANY ACTION CONCERNING THIS AGREEMENT OR YOUR EMPLOYMENT IN GENERAL.

11. **Modification of Agreement if Necessary.** You agree that if any part of your promises or the duration of such promises in this agreement are determined to be too restrictive by a court of competent jurisdiction, the court may modify the promises and/or duration to make the same reasonable under the circumstances, and you acknowledge that both you and Maritz will be bound by such modification.

12. **Tolling of Time Periods.** If you violate any restrictions under this agreement, in addition to Maritz' other rights and remedies, the time period(s) of such violation(s) will not count toward satisfying the time during which such restriction(s) will apply.

13. **Rule of Construction.** The rule of construction to the effect that ambiguities are to be resolved against the drafting party will not be used in interpreting this agreement. The language of all parts of this agreement will in all cases be construed as a whole, according to its fair meaning, and not strictly for or against either you or Maritz.

14. **Attorney's Fees and Costs.** If you breach, or threaten to breach, any term(s) of this agreement, you agree to pay for all costs incurred by Maritz, including reasonable attorney's fees, in asserting its rights under this agreement.

15. **Mutual Agreement for Modification.** Unless modified by a court of competent jurisdiction which determines the agreement to be too restrictive, no term, condition, promise, representation or acknowledgement contained in this agreement may be amended or modified unless in writing and signed by both you and Maritz.

16. **Assignment; Successors.** This agreement, and all of the rights granted in this agreement, will be freely assignable by Maritz. Except as otherwise specifically provided herein, neither this Agreement, nor any rights granted in this agreement, will be assigned by you and any attempt to assign this agreement by you will be null and void. This agreement will inure to the benefit of Maritz, its subsidiaries and affiliates, and the successors and assigns of each of them.

17. **Complete Agreement.** The terms of this agreement will survive the termination of and any change in your position with Maritz. These terms constitute the entire agreement with respect to the subject matter hereof and cancels and supersedes any and all other previous agreements between Maritz and you relating to the subject matter hereof. Except that, if for any reason a court of competent jurisdiction finds this agreement to be non-binding on you due to a failure of consideration, then the parties will revert to their prior positions before this agreement was signed. This means that, in



such case, any promises made by you to Maritz in any earlier agreement with respect to the subject matter hereof would remain in full force and effect. The section headings contained in this agreement are for reference purposes only and will not in any way affect the meaning or interpretation of the promises made.

**You understand you have the right to consult an attorney prior to signing this agreement. By clicking 'Yes' on the "Read and Understood" box that will be presented to you after you have read and closed this document, you acknowledge you have fully reviewed and understand all of the terms of this agreement and that you have agreed to such terms.**

