

**Timm W. Schowalter, CIPP/US**
*Shareholder*

600 Washington Avenue, 15th Floor
St. Louis, MO  63101-1313
Tel:  314.425.4910
Fax:  314.241.7604
tschowalter@sandbergphoenix.com
www.sandbergphoenix.com

September 15, 2020

*Via E-Mail to Steve.gallant@maritz.com*
*and Original By Regular U.S. Mail*

Steven M. Gallant, Esq.
Executive Vice President/General Counsel
Maritz Holdings, Inc.
1375 N. Highway Dr.
Fenton, MO 63026

    *Re: Drew Carter Post-Termination Matters*

Dear Mr. Gallant:

    Please be advised that Sandberg Phoenix & von Gontard, PC has been retained by Mr. Drew Carter with respect to his employment, termination of employment and post-employment matters with Maritz. We respectfully request that all future communications, both verbal and written, by made through our office.  We appreciate your cooperation in this regard.

    Your cease and desist letter, dated August 31, 2020, has been forwarded to us for our review. First and foremost, we noticed that Gregg Lemley, Esq. was carbon copied on the cease and desist letter. Please advise if Maritz Holdings, Inc. ("Maritz") has retained Mr. Lemley in the above-referenced matter.  If so, we will terminate our communications with you and have all future communications with Mr. Lemley.

    We are not writing to argue our respective legal position as to the enforceability of the Confidentiality, Non-Competition, Non-Solicitation and Invention Agreement ("Agreement") insofar as that would be counterproductive at this juncture.  While the enforceability of the Agreement is generally in dispute the purpose of this correspondence is to correct the factual inaccuracies and apparent misunderstandings set forth in your cease and desist letter.

    First, Mr. Carter has not "solicited" a single Maritz customer or disparaged Maritz. To the contrary, Mr. Carter engaged in good-faith efforts to assist in the smooth transition of client services associated with his furlough and subsequent termination of employment. Mr. Carter's

14013681.v1

Steven M. Gallant, Esq.
September 15, 2020
Page 2

actions in this regard were performed with full transparency and, ultimately, agreed upon by Mr. Steve Maritz. Likewise, Mr. Carter has not "solicited" any active employee to terminate his or her employment with Maritz. We are confident we can mutually agree that there is nothing improper with general discussions with inactive and former Maritz employees about their current life circumstances. We trust you can sympathize with these individuals and the situation in which they find themselves, given Maritz's mass layoffs in recent months.  This support was not solicitation, but rather was a group of friends discussing the impact these layoffs have on their livelihood and general mental health.

Without admitting to the enforceability of the Agreement, which we specifically deny, please be advised that Mr. Carter has no intention of soliciting or otherwise taking any action to diminish Maritz's business relationship with its current customers, disclose any of Maritz's confidential information, or misappropriate any of Maritz's trade secrets to the extent any exist. We trust these good-faith assurances satisfies any ongoing concerns.

Further, we have consulted with Mr. Carter about Maritz property in his possession. It is our understanding that the only property in his possession is a laptop computer. Given the tone of your letter, however, we have taken delivery and quarantined the laptop. To avoid further conflict and for evidentiary preservation purposes we believe it is in our mutual best interests that Maritz consent to cloning or ghosting the laptop's hard drive prior to delivery. Please advise if you consent to the ghosting and how you desire for us to proceed. In the meantime, the laptop will remain quarantined at our offices.

Of course, given the potential for litigation, Maritz is equally obligated to preserve any potentially relevant documents, communications, records, or data in its possession, custody, or control, including but not limited to, electronic mail, text messages, electronic or hard-copy files, text files (such as word processing documents), spreadsheets, or photographs. Maritz must also preserve any file fragments, metadata, or backup files of any responsive documents.  Due to this litigation hold Maritz is prohibited from deleting, altering, erasing, or destroying any potentially relevant documents, whether in hard copy or electronic form, and regardless of where they are stored.

Lastly, and most importantly, we hope this correspondence demonstrates Mr. Carter's good-faith efforts to avoid future conflict and to amicably resolve any post-employment matters without needless litigation. If you believe that any of the information set forth in this correspondence is in any way factually inaccurate, then please provide us with the documents that support the factual allegations. Otherwise, we will assume that no such evidence exists.

This letter is sent without prejudice to Mr. Carter's rights, claims, and defenses all of which are expressly reserved.

14013681.v1

Steven M. Gallant, Esq.
September 15, 2020
Page 3

      As always, please do not hesitate to contact me if you have any additional questions or if you care to further discuss.

                                           Very truly yours,

                                           Timm W. Schowalter

TWS:ms

14013681.v1