## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

MARITZ HOLDINGS INC. and MARITZ  )
MOTIVATION INC.,       )
            )
    Plaintiffs,     )
            )
   v.        )
            )  Case No. _4:21-cv-438
DREW CARTER, CHRIS DORNFELD  )
JESSE WOLFERSBERGER, LAUREL  )  _____
NEWMAN,  ANDREW HRDLICKA, BEN )
VALENTI, DANIEL CONWELL, and,  )
WHISTLE SYSTEMS, LLC,    )
            )
    Defendants.   )

## MOTION FOR PRELIMINARY INJUNCTION

Plaintiffs Maritz Holdings Inc. and Maritz Motivation Inc. (collectively "Maritz"), for their Motion for Preliminary Injunction, hereby state as follows:

### Relevant Factual and Procedural Background

1. On April 15, 2021, concurrent with the filing of this Motion for Preliminary Injunction, Maritz filed its Complaint for Injunctive Relief and Damages (the "Complaint").

2. As detailed in the Complaint, the Individual Defendants—Drew Carter, Chris Dornfeld, Jesse Wolfersberger, Laurel Newman, Andrew Hrdlicka, Ben Valenti, and Daniel Conwell—are each former employees of Maritz.  Carter, Dornfeld, and Wolfersberger are former executive-level employees of Maritz Motivation.

3. Each of the Individual Defendants executed a Confidentiality, Non-Competition, Non-Solicitation, and Inventions Agreement (the "Agreement") with Maritz, which contains certain post-employment restrictive covenant obligations, including: (1) a duty to safeguard Maritz's "Confidential Information" (as defined in the Agreements) and to return all Maritz property and Confidential Information at the conclusion of their employment; (2) a covenant not

to compete with Maritz for a period of 12 months following termination for any reason; (3) a covenant not to solicit, divert, provide competitive services for, or otherwise diminish Maritz's business relationship with certain of Maritz's customers, suppliers, vendors, or referral sources for a period of 12 months following termination for any reason; and (4) a covenant not to solicit Maritz's employees for a period of 12 months following termination for any reason.

4.     The Individual Defendants have established a competing business ("Whistle") in the channel sales incentives industry which is in direct competition with Maritz Motivation. Indeed, the business model for Whistle appears to be virtually identical to a proposed "spinoff" company which Maritz considered and ultimately decided not to pursue ("NewCo"). Whistle's purported offerings, as marketed on its website, overlap almost entirely with the very same services Maritz provides today.

5.     The Individual Defendants' founding and operation of Whistle is a clear breach of their obligations under the Agreements.

6.     In addition, the Defendants have used and disclosed, or inevitably will use or disclose, Maritz's trade secret information. Whistle's entry into the niche sales channel incentive market would require the use of a pre-existing software platform and/or data warehouse, or a massive expenditure of time, money, and resources to develop one, in order to be competitive. It would be effectively impossible for a small company like Whistle to provide any of the data-driven, technology-focused services Whistle purports to offer without the Individual Defendants using Confidential Information and trade secrets they acquired while at Maritz, including: design of its data warehouse, the architecture for its software solution, source code, and potentially customer and participant data.

7.     Concurrent with this filing, Maritz has filed its Motion for Leave to Conduct Expedited Discovery, for Discovery and Briefing Schedule, and to Set a Hearing (the "Motion for Scheduling Order"), along with a memorandum of law in support.

8.     In the Motion for Scheduling Order, Maritz requests the Court grant the parties leave to conduct expedited discovery, establish a discovery and briefing schedule, and set a hearing on this Motion for Preliminary Injunction.

9.     In light of Maritz's Motion for Scheduling Order and its request for expedited discovery, Maritz has not submitted a brief in support of this Motion for Preliminary Injunction at this time.  Rather, as further detailed in the Motion for Scheduling Order, Maritz proposes to submit its brief in support of the Motion for Preliminary Injunction following the parties' opportunity to conduct expedited discovery.  Doing so will preserve party and judicial resources and avoid the need for piecemeal briefing, allowing the parties to brief these issues upon a more complete record.

### Requested Relief

10.     By this Motion for Preliminary Injunction, Maritz seeks the entry of preliminary injunctive relief to: (1) secure the return, and prevent further disclosure and use, of Maritz's confidential information and trade secrets; and (2) enjoin the Individual Defendants from further breaches of their post-employment restrictive covenant obligations to Maritz.

11.     "When granting a preliminary injunction, district courts apply a flexible consideration of (1) the threat of irreparable harm to the moving party; (2) balancing this harm with any injury an injunction would inflict on other interested parties; (3) the probability that the moving party would succeed on the merits; and (4) the effect on the public interest."  *St. Louis*

*Effort for AIDS v. Huff*, 782 F.3d 1016, 1021 (8th Cir. 2015) (citation and internal quotation omitted).

12.     Both state and federal courts in Missouri commonly grant preliminary injunctive relief to protect parties against the unauthorized use or disclosure of confidential information and trade secrets and to protect unlawful competition in violation of post-employment restrictive covenants.  "Courts generally hold that the disclosure of confidential information such as customer information and business strategy will result in irreparable harm to the plaintiff."  *Experitec, Inc. v. Stachowski*, Case No. 4:14-cv-00154-AGF, 2014 U.S. Dist. LEXIS 185282 at *7 (E.D. Mo. Jan. 30, 2014).  "Courts have also inferred irreparable injury from a breach of a covenant not to compete, solicit, or disclose confidential information."  *H&R Block Tax Servs., LLC v. Clayton*, Case No. 4:16-cv-00185-SRB, 2016 U.S. Dist. LEXIS 39177 at *8 (W.D. Mo. Mar. 24, 2016) (collecting cases).  That is precisely the kind of harm presented to Maritz by the Individual Defendants' unlawful competition here.

13.     Throughout their employment, these employees had significant access to Maritz's confidential information and trade secrets.  Notably, none of the Individual Defendants had any meaningful experience in the sales channel incentives industry prior to joining Maritz.  In other words, virtually everything the Individual Defendants currently know about sales channel incentives, they learned at Maritz.  They are now using Maritz's confidential information and trade secrets in direct competition with Maritz, in violation of their Agreements, the Defend Trade Secrets Act, and the Missouri Uniform Trade Secrets Act.

14.     Following the opportunity for additional investigation and expedited discovery, Maritz will demonstrate that: (1) it is likely to prevail on the merits of its claims for breach of contract, tortious interference with contract, and trade secret misappropriation; (2) it faces

irreparable harm if an injunction is not entered; (3) the harm to Maritz vastly outweighs the harm to the Defendants if they are required to abide by their covenants and refrain from use of Maritz's information and trade secrets; and (4) injunctive relief is in the public interest.

WHEREFORE, following expedited discovery, briefing, and a hearing, Maritz respectfully requests the Court grant Maritz a preliminary injunction which:

A. Enjoins the Individual Defendants from directly or indirectly working on behalf of, or otherwise assisting, any business that provides goods or services that are the same or substantially similar to those provided by Maritz, including any work for any business that provides channel incentive programming or other incentive programming, including Whistle;

B. Enjoins the Individual Defendants from directly or indirectly soliciting any current Maritz employee to end his or her employment with Maritz or otherwise interfering in their employment with Maritz;

C. Enjoins the Individual Defendants from directly or indirectly soliciting or interfering with Maritz's business relationship with any customer with whom Maritz has done business with during the twenty-four (24) month period prior to August 20, 2020;

D. Orders the Defendants to:

 i. Provide an accounting of all property, Confidential Information, and trade secrets belonging to or originating from Maritz in their possession, custody, or control at any time since their employment at Maritz ended;

 ii. Return all property, Confidential Information, and trade secrets belonging to or originating from Maritz;

 iii. Permanently destroy all hard copies of the same, and to delete the same from all email accounts, computers, cell phones, storage devices, cloud storage accounts, networks, and any other electronic media or storage devise or account available to or accessible by them; and

 iv. Provide independent verification of compliance with said injunction.

E. Grants all other relief the Court deems appropriate.

Respectfully submitted,

**OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.**


*/s/ Gregg M. Lemley*
Gregg M. Lemley, MO #44464
Daniel P. O'Meara, PA #53535
    (pending admission *pro hac vice*)
Justin A. Allen, IN #3120449
    (pending admission *pro hac vice*)
Bradley W. Tharpe, MO #71203
7700 Bonhomme Ave, Suite 650
St. Louis, MO 63105
Tel: (314) 802-3935
Fax: (314) 802-3936
gregg.lemley@ogletree.com
dan.omeara@ogletree.com
justin.allen@ogletree.com
brad.tharpe@ogletree.com

***Attorneys for Plaintiffs***


## CERTIFICATE OF SERVICE

I hereby certify that on April 15, 2021, the foregoing was filed through the Court's ECF/CM system which made service on all registered participants.

*/s/ Gregg M. Lemley*

***Attorney for Plaintiffs***

46795020.1