**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| MARITZ HOLDINGS INC. and MARITZ MOTIVATION INC., | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) |
| DREW CARTER, CHRIS DORNFELD JESSE WOLFERSBERGER, LAUREL NEWMAN, ANDREW HRDLICKA, BEN VALENTI, DANIEL CONWELL, and, WHISTLE SYSTEMS, LLC, | ) Case No. 4:21-cv-438 ) _____ ) ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR LEAVE TO CONDUCT EXPEDITED DISCOVERY,
FOR DISCOVERY AND BRIEFING SCHEDULE, AND TO SET A HEARING**

Plaintiffs Maritz Holdings Inc. and Maritz Motivation Inc. (collectively "Maritz") hereby move for leave to conduct expedited discovery in support of their Motion for Preliminary Injunction (filed herewith). In conjunction with granting leave to conduct expedited discovery, Maritz respectfully requests the Court enter a Scheduling Order establishing discovery deadlines, a briefing schedule, and a hearing on the Motion for Preliminary Injunction as follows:

- **Service of Written Discovery Requests Due:** Within 3 days after the Court's entry of Scheduling Order

- **Service of Written Discovery Responses and Documents Due:** Within 7 days after service of written requests

- **Disclosure of Forensic Experts (if any) Due:** Within 7 days after service of discovery responses

- **Depositions Completed:** Within 14 days after service of discovery responses

- **Maritz's Brief in Support of Motion for Preliminary Injunction:** No later than 14 days prior to hearing

- **Defendants' Response(s) in Opposition to Motion for Preliminary Injunction:** No later than 7 days prior to hearing

- **Maritz's Reply Brief in Support of Motion for Preliminary Injunction:** No later than 3 days prior to injunction hearing

- **Hearing on Motion for Preliminary Injunction:** Approximately 45 days from entry of Scheduling Order

The expedited discovery and proposed Scheduling Order requested herein will allow the parties to complete necessary discovery, enabling the Court to promptly resolve the Motion for Preliminary Injunction on an adequate evidentiary record.

**Relevant Background**

On April 15, 2021, Maritz filed its Complaint for Injunctive Relief and Damages ("Complaint"). As more fully detailed in the Complaint, Defendants Drew Carter, Chris Dornfeld, Jesse Wolfersberger, Laurel Newman, Andrew Hrdlicka, Ben Valenti, and Daniel Conwell (collectively the "Individual Defendants")—all recently-departed employees of Maritz—are operating a business in direct competition with Maritz ("Whistle"). In doing so, the Individual Defendants are utilizing Maritz's confidential information, trade secrets, and business plans and violating their Confidentiality, Non-Competition, Non-Solicitation, and Inventions Agreements (the "Agreements") with Maritz.

Contemporaneous with filing its Complaint, Maritz also filed its Motion for Preliminary Injunction, which seeks injunctive relief to protect Maritz's confidential information and trade secrets, customer relationships and business goodwill, and other protectable interests, which will suffer irreparable harm absent injunctive relief. To present this Court with a complete evidentiary record regarding the Defendants' ongoing breaches and misappropriation, Maritz now moves the Court for leave to conduct expedited discovery into information, documents, and devices which are in the exclusive possession of the Defendants.

In conjunction with granting leave to conduct expedited discovery, Maritz also requests the Court establish a discovery schedule and briefing schedule, and set an evidentiary hearing, on Maritz's Motion for Preliminary Injunction.

**Analysis**

Courts in the Eighth Circuit generally utilize a "good cause" standard in assessing a request for expedited discovery. *See Meritain Health, Inc. v. Express Scripts, Inc.*, Case No. 4:12-CV-266(CEJ), 2012 U.S. Dist. LEXIS 53827, at *5 (E.D. Mo. Apr. 17, 2012) (citing *Cook v. Williams*, Case No. 4:09-CV-1375 CAS, 2009 U.S. Dist. LEXIS 93103 (E.D. Mo. 2009)). This inquiry requires the Court to weigh a variety of factors to determine whether the request is reasonable:

> Factors commonly considered in determining the reasonableness of an expedited discovery request include: (1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose of requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made.

*Meritain*, 2012 U.S. Dist. LEXIS 53827, at * 4–5 (citing *Quest Comm. Int'l, Inc. v. WorldQuest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2019)). These factors weigh in favor of permitting expedited discovery here.

First, a Motion for Preliminary Injunction is currently pending. "Expedited discovery is generally appropriate in cases, such as this, where a party is attempting to prepare for a preliminary injunction hearing." *Meritain*, 2012 U.S. Dist. LEXIS 53827, at *5. *See also Edudata Corp. v. Scientific Computers, Inc.*, 599 F. Supp. 1084, 1088 (D. Minn. 1984) ("Further development of the record before the preliminary injunction hearing will better enable the court to judge the parties' interests and respective chances for success on the merits."); *Kone Corp. v. Thyssenkrupp USA, Inc.*, Civ. Act. No. 11-465-LPS-CJB, 2011 U.S. Dist. LEXIS 109518, at *21 (D. Del. Sept. 26, 2011) ("[C]ourts have regularly noted that expedited discovery is more likely to be an efficient use of the parties' resources when it relates to a pending preliminary injunction hearing, where it can

help to ensure a clear and focused factual record.") (collecting cases). So too here, the development of the factual record will enable the parties to present the full scope of evidence and will assist the Court in ruling on the Motion for Preliminary Injunction.

Second, the discovery requests Maritz proposes here are narrowly-tailored to the issues relevant to the Motion for Preliminary Injunction—*i.e.*, the scope of the Defendants' competition, solicitation of customers and employees, and misappropriation and use of Maritz confidential information and trade secrets. Maritz proposes serving less than 10 interrogatories and requests for production per Defendant, and also agrees that any expedited discovery (including depositions) should be limited in scope to the issues in the Motion for Preliminary Injunction. (*See* Proposed Discovery Requests, attached hereto as **Exhibits 1–2**.) The breadth of the proposed discovery is reasonable given the nature of the Motion for Preliminary Injunction and the type of information Maritz seeks.

Third, Maritz's expedited discovery requests are designed to identify the scope and severity of the Defendants' breaches, ascertain the whereabouts of its confidential information and trade secrets, and present the Court with a developed factual record in order to rule upon the Motion for Preliminary Injunction. This is precisely the kind of discovery courts permit in situations such as this, i.e., where former employees are misappropriating trade secrets and violating restrictive covenants. *See e.g.*, *Meritain*, 2012 U.S. Dist. LEXIS 53827, at *5 (granting leave to conduct expedited discovery in case involving misappropriation of trade secrets where "[t]he documents and depositions plaintiffs seek to discover will assist them in establishing their claims in the preliminary injunction hearing"); *Welsco, Inc. v. Brace*, Case No. 4:12-cv-00394-KGB, 2012 U.S. Dist. LEXIS 103688, at *3–4 (E.D. Ark. July 24, 2012) (granting request for expedited discovery because "[t]here is a pending motion for preliminary injunction in which [plaintiff] alleges that

[former employee] is misusing confidential business information in violation of a covenant not to compete. . . . [Plaintiff] has indicated that it seeks discovery for the limited purpose of preparing for the preliminary injunction hearing.").

Fourth, the burden on the Defendants to comply with the requests is not unreasonable in light of the nature of the these proceedings, the importance of the issues at stake, and the type of information requested. As detailed above, Maritz is seeking to serve no more than 10 interrogatories and 10 requests for production to each Defendant, and these requests are substantially identical to each other. (*See* Exs. 1–2.) The documents and information requested should be readily accessible to the Defendants. And this burden runs both ways: Maritz's proposal for expedited discovery would allow for mutual discovery.

Finally, the typical discovery process is simply not workable here. Maritz cannot wait for a Rule 26(F) conference to begin serving discovery, followed by 30+ days for the Defendants to respond to discovery requests, as doing so would frustrate Maritz's ability to locate and secure its confidential information and have its Motion for Preliminary Injunction heard in a timely manner.

With respect to Maritz's proposed discovery, briefing, and hearing schedule, this schedule will provide the parties with sufficient time to complete necessary discovery, while ensuring the Motion for Preliminary Injunction is heard expeditiously. Maritz reasonably needs to have its Motion for Preliminary Injunction heard and ruled upon within 45-60 days, to prevent ongoing irreparable harm to its legitimate business interests. In addition, rather than file an initial brief in support of the Motion for Preliminary Injunction based upon an incomplete evidentiary record, Maritz believes the entry of a briefing schedule will preserve party and judicial resources and avoid the need for piecemeal briefing.[1]

---

[1] In other words, Maritz respectfully requests the Court alter the standard timeline for motions and memoranda, as outlined in Local Rule 4.01.

**Conclusion**

WHEREFORE, Plaintiffs Maritz Holdings Inc. and Maritz Motivation Inc. respectfully request the Court: (1) grant the parties leave to serve expedited discovery; (2) enter a schedule on discovery, briefing, and a hearing on the Motion for Preliminary Injunction, as provided for herein; (3) schedule an evidentiary hearing for approximately 5 hours at the Court's earliest convenience approximately 45 days from the entry of on order on this Motion; and (4) grant all other relief the Court deems appropriate.

Respectfully submitted,

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

*/s/ Gregg M. Lemley*
Gregg M. Lemley, MO #44464
Daniel P. O'Meara, PA #53535
    (pending admission *pro hac vice*)
Justin A. Allen, IN #3120449
    (pending admission *pro hac vice*)
Bradley W. Tharpe, MO #71203
7700 Bonhomme Ave, Suite 650
St. Louis, MO 63105
Tel: (314) 802-3935
Fax: (314) 802-3936
gregg.lemley@ogletree.com
dan.omeara@ogletree.com
justin.allen@ogletree.com
brad.tharpe@ogletree.com

***Attorneys for Plaintiffs***

## CERTIFICATE OF SERVICE

I hereby certify that on April 15, 2021, the foregoing was filed through the Court's ECF/CM system which made service on all registered participants.

*/s/ Gregg M. Lemley*

***Attorney for Plaintiffs***

46776417.1