**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MARITZ HOLDINGS INC. and MARITZ MOTIVATION INC., | ) | |
| Plaintiffs, | ) | |
| v. | ) | Case No. 4:21-cv-00438 |
| DREW CARTER, et al | ) | |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

Plaintiffs Maritz Holdings Inc. and Maritz Motivation Inc. (collectively "Maritz"), pursuant to Federal Rule of Civil Procedure 15, respectfully move the Court for leave to file its Second Amended Complaint in light of additional evidence and causes of action uncovered during expedited discovery. In support of its motion, Maritz states:

1. In this matter, Maritz has alleged trade secret misappropriation, breach of contract, breach of fiduciary duties and/or duties of loyalty, unjust enrichment, and tortious interference with a contract against seven individual defendants and two corporate defendants. [Doc. #45]

2. In connection with its initial pleading, Maritz moved for a preliminary injunction and for leave to conduct expedited discovery.

3. On May 10, 2021, the Court ordered the parties to conduct expedited discovery, including written discovery, document productions, forensic investigation, and depositions, to be completed by June 18, 2021. [Doc. #41]

4. From May 10 through June 18, 2021, the parties conducted fourteen (14) depositions, served more than seventy (70) written discovery requests, and exchanged thousands of pages of documents.

5. Throughout this extensive discovery, Maritz uncovered substantial additional evidence of wrongdoing by the Defendants to support previously-unasserted claims against certain of the Defendants.

6. Specifically, Maritz has uncovered evidence that Defendants Hrdlicka, Valenti, and Conwell worked simultaneously for Maritz and Whistle from late August 2020 until their resignation from Maritz on October 2, 2020. During this time, Hrdlicka, Valenti, and Conwell misappropriated enormous volumes of confidential information, in direct contravention of Maritz's interests, thereby breaching their duties of loyalty to the company. Maritz therefore seeks to add duty of loyalty claims against Hrdlicka, Valenti, and Conwell.

7. In addition, Maritz has learned of evidence to support claims under the federal Computer Fraud and Abuse Act against Defendants Carter, Hrdlicka, Valenti, and Conwell, including: (1) Carter's accessing of his Maritz-issued devices without authorization long after his employment was terminated, including connecting several external devices, as well as his efforts to copy his entire email inbox and overwrite his Windows operating system; and (2) Hrdlicka, Valenti, and Conwell transferring, copying, and photographing trade secrets and confidential information on Maritz's company computers.

8. Finally, Maritz has generally learned additional details of the actions taken by the Defendants in furtherance of many of the claims already asserted against them, including specific details surrounding the Defendants' misappropriation of trade secrets. These additional facts should put to rest any possible argument that Maritz has failed to sufficiently allege its trade secrets claims, as the Defendants have wrongly argued. [Doc. #50, #51]

9. As such, Maritz believes it is in the interest of justice to amend its current pleading to assert these newly discovered claims and allegations.

10. Federal Rule of Civil Procedure 15 allows a party to amend its pleading if it obtains leave of the Court, which "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2)

11. Eighth Circuit rulings support a "liberal amendment policy," and denial of leave to amend pleadings is appropriate "only in those limited circumstances in which undue delay, bad faith on the part of the moving party, futility of the amendment, or unfair prejudice to the non-moving party can be demonstrated." *Robertson v. Hayti Police Dept.*, 241 F.3d 992, 995 (8th Cir. 2001) (*quoting Foman v. Davis*, 371 U.S. 178, 182 (1962)).

12. Inclusion of allegations and claims uncovered during expedited discovery will not cause undue delay, is not proposed in bad faith, is not futile, and will not result in unfair prejudice to Defendants.

13. First, Maritz is not asking for any changes to the current case management deadlines, nor is any such change necessary, so no undue delay will result.

14. Maritz's amendments are not proposed in bad faith. As discussed above, these new allegations and claims were uncovered after diligent effort by Maritz throughout the discovery process. These allegations and claims were unknown to Maritz prior to filing its earlier pleadings, and in the interests of justice, Maritz is entitled to assert all allegations and claims it holds against any Defendant in this matter.

15. Nor are these new allegations and claims futile. The futility standard is governed by Federal Rule of Civil Procedure 12. *Roeslein & Assocs. v. Elgin*, Case No. 4:17-CV-1351-JMB, 2018 U.S. Dist. LEXIS 34000, at *17 (E.D. Mo. Mar. 2, 2018). The allegations of the Second Amended Complaint easily clear the liberal federal pleading standard.

16. Finally, no unfair prejudice will result to the Defendants, given that this case is in the early stages of the proceedings. The allegations in the Second Amended Complaint are based upon facts and evidence already known to the Defendants. Moreover, the general nature of the claims against the Defendants—*i.e.*, unfair competition, misappropriation of trade secrets, etc.—remain consistent from Maritz's prior pleadings.

WHEREFORE, Maritz respectfully requests the Court grant it leave to file the Second Amended Complaint, and grant all other relief the Court deems appropriate.

Respectfully submitted,

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

*/s/ Justin A. Allen*

Gregg M. Lemley, MO #44464
Daniel P. O'Meara, PA #53535 (*pro hac vice*)
Justin A. Allen, IN #3120449 (*pro hac vice*)
Bradley W. Tharpe, MO #71203
7700 Bonhomme Ave, Suite 650
St. Louis, MO 63105
Tel: (314) 802-3935
Fax: (314) 802-3936
gregg.lemley@ogletree.com
dan.omeara@ogletree.com
justin.allen@ogletree.com
brad.tharpe@ogletree.com

***Attorneys for Plaintiffs***

## CERIFICATE OF SERVICE

I hereby certify that on June 23, 2021, the foregoing was filed through the Court's ECF/CM system which made service on all registered participants.

*/s/ Justin A. Allen*

47586184.1