UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARITZ HOLDINGS INC. and<br>MARITZ MOTIVATION INC., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 4:21-cv-00438-MTS |
| | ) |
| DREW CARTER, CHRIS DORNFELD,<br>JESSE WOLFERSBERGER, LAUREL<br>NEWMAN, ANDREW HRDLICKA,<br>BEN VALENTI, DANIEL CONWELL,<br>WE WHISTLE, LLC F/K/A<br>WHISTLE SYSTEMS, LLC, AND<br>WHISTLE SYSTEMS, INC. | ) |
| | ) |
| Defendants. | ) |

## PRELIMINARY INJUNCTION

Based upon the evidence provided at the Preliminary Injunction Hearing and the briefing of the parties in connection with Plaintiffs' Motion for Preliminary Injunction, and by agreement of the parties, Plaintiffs' Motion for Preliminary Injunction is **GRANTED** as set forth herein.

(a)       The rights of Plaintiff Maritz Holdings Inc. and Maritz Motivation Inc. (collectively "Maritz") with respect to Maritz property and information are and will continue to be violated by one or more of Defendants Drew Carter, Chris Dornfeld, Jesse Wolfersberger, Laurel Newman, Andrew Hrdlicka, Ben Valenti, Daniel Conwell, We Whistle, LLC f/k/a Whistle Systems, LLC and Whistle Systems, Inc. (collectively "Defendants") unless Defendants are restrained therefrom.

(b)       Maritz has established a likelihood of success, including showing that one or more Defendants violated their agreements with Maritz by procuring and retaining Maritz documents in violation of those agreements (which agreements the Defendants contend are unenforceable).

1

**IT IS HEREBY ORDERED AND DECREED THAT:**

1.      Within seven (7) days of the parties' agreement on the protocol set forth in Paragraph 2 of this Order, each Defendant will permanently delete all Maritz Documents that are within the Defendants' possession or control (including those contained on any device, or within any account, within the Defendants' possession or control), whether or not Maritz contends that such documents are confidential and/or trade secrets and whether or not the Defendants believe such documents to be confidential and/or trade secrets.  Maritz Documents is defined herein as any documents originating at Maritz, prepared for Maritz, or taken from Maritz, including any computer code, software, or products, and including any computer code, software, or products that derive any information from the documents originating at Maritz, prepared for Maritz, or taken from Maritz. In addition, all Maritz Documents shall be returned to counsel for Maritz. Upon the completion of the process, each Defendant shall submit a sworn statement to be provided to Plaintiffs and filed with the Court, attesting to compliance with the obligations in this Paragraph 1.  Nothing provided herein shall prevent the Defendants' forensic consultant from maintaining a copy of previously imaged devices or accounts, provided that such images are not made available to Defendants.

2.      Within three (3) business days of the date this Preliminary Injunction takes effect, counsel for the parties shall negotiate and agree upon a protocol to implement such deletion and return of Maritz Documents as stated in Paragraph 1. Such protocol shall include verification of the deletion and return of the Maritz Documents by an independent third party forensic service, the costs of which independent third party forensic service shall be paid by Defendants. If counsel for the parties are unable to agree upon such a protocol within three (3) business days of the date this Preliminary Injunction takes effect, any party may petition the Court to impose a protocol.

3.      Defendants are enjoined and restrained, directly or indirectly, whether alone or in concert with others, along with any other person in active concert or participation with Defendants who receives actual notice of this Order, as follows:

(a)      from possessing, using or disclosing any confidential or proprietary business information and/or trade secrets of Maritz, and from possessing, using or disclosing any information contained in any Maritz Document as described in Paragraph 1 above;

(b)      from being involved, as an employee, owner, contractor or otherwise, directly or indirectly, in the business of:

(i)      designing or operating channel sales incentives programs or services or sales incentives programs or services;

(ii)      designing or operating customer loyalty, engagement, reward or incentive programs or services;

(iii)      designing or operating employee engagement, reward or incentive programs or services; or

(iv)      consulting services related to the activities described in Paragraphs 3(b)(i), (ii) and (iii).

(v)      The prohibitions in Paragraphs 3(b)(i), (ii), (iii), and (iv) include preparatory steps toward the activities described in Paragraphs 3(b)(i), (ii), (iii), and (iv) such as designing or building of computer-related programs that support the activities described in Paragraphs 3(b)(i), (ii), (iii), and (iv).

(vi)      The prohibitions in Paragraphs 3(b)(i), (ii), (iii), (iv) and (v) do not:

- include activities solely in Payments (which is defined herein as the business activity of processing money or value payments between or

3

among parties, including payments related to the activities in Paragraphs 3(b)(i), (ii) and (iii) above);

- include activities solely in Learning Management Systems (which is defined herein as programs related to training employees, which program may involve engagement, recognition, rewards or incentives, if such program is not primarily an employee engagement, recognition, reward or incentive program, or sales incentive program);

- prevent Defendant Laurel Newman from remaining in, nor have any impact on, her current position of Behavioral Scientist at a financial services provider;

- prevent Defendant Chris Dornfeld from remaining an owner of Bonfyre (but he remains otherwise subject to the terms of this Agreement, including the prohibitions of Paragraph 3, as it relates to Bonfyre);

- prevent any Defendant from working for a consulting firm and providing general consulting services, provided that no Defendant may provide any of the services described in Paragraph 3(b)(i)–(iv) to a third-party customer or client, unless such services are incidental and minimal to the engagement; or

- prevent any Defendant from providing the services described in Paragraph 3(b)(i)–(iv) solely to, or internally on behalf of, their own employer, provided such services are not provided to any third-party customer or client.

4

(vii)    Any representation made in any website, social media, marketing materials, or other communication by Whistle or the other Defendants that suggests they provide a product, service, or program described in Paragraph 3(b) will constitute a violation of Paragraph 3(b). The Defendants shall have three (3) business days from the date this Preliminary Injunction takes effect to conform their website or social media postings with the terms of this Injunction.

(c)    as to the companies listed in the Exhibit filed under seal herewith, from soliciting, contacting, or communicating with any of Maritz's customers with whom Maritz Motivation did business during the twenty-four (24) month period prior to August 20, 2020, for the purpose of selling or providing such customer a product or service competitive with Maritz Motivation, or for the purpose of selling or providing a product or service provided by or on behalf of Defendant We Whistle, LLC f/k/a Whistle Systems, LLC or Defendant Whistle Systems, Inc., or from accepting the work described in this Paragraph 3(c) from such customer; and

(d)    from soliciting, contacting, or communicating with any of Maritz's employees for the purpose of encouraging or inducing them to leave the employ of Maritz, or to become employed or engaged at Defendant We Whistle, LLC f/k/a Whistle Systems, LLC or Defendant Whistle Systems, Inc.

4.    Nothing in this Order limits or otherwise affects any party's right to seek recovery of its attorneys' fees or costs incurred in this matter under any applicable contract or law.

5.    This Preliminary Injunction is without prejudice to any party's claims, defenses, or other legal right.

6.    This Order shall remain in full force and effect pending a trial on the merits of this action or until such time as this Court specifically orders otherwise. Any party to this case may

Case: 4:21-cv-00438-MTS   Doc. #:  102   Filed: 07/19/21   Page: 6 of 6 PageID #: 2294


hereafter move to dissolve or modify this Order upon notice, an opportunity to respond, and hearing.

7.      Pursuant to Federal Rule of Civil Procedure 65(c), and by consent of the parties, this Preliminary Injunction is condition upon the posting by Plaintiffs of a bond in the amount of $25,000.  The Preliminary Injunction issued herein is effective on the date and time that Plaintiffs post with the Clerk of Court the $25,000 bond.


SO ORDERED.


 Dated this 19th day of July, 2021.

_____

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE