IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARITZ HOLDINGS INC. and MARITZ MOTIVATION INC., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) Case No. 4:21-cv-00438-MTS |
| DREW CARTER, et al. | ) ) ) |
| Defendants. | ) |

**MARITZ'S MEMORANDUM IN SUPPORT OF
MOTION TO MAINTAIN DOCUMENT UNDER SEAL**

Plaintiffs Maritz Holdings Inc. and Maritz Motivation Inc. (collectively "Maritz"), pursuant to Local Rule 13.05 and the Court's CM/ECF Procedures, respectfully move the Court to maintain under seal the Exhibit to the Court's Preliminary Injunction entered on July 20, 2021 [Doc. #102]. In support of its Motion, Maritz states:

1. Local Rule 13.05 states that the "Court ... recognizes the right of the parties in cases to seek the filing under seal of material and information lawfully kept confidential in civil and criminal cases..." L.R. 13.05(A)(2).

2. The decision of whether to allow parties to file documents under seal is left to the sound discretion of the Court. *Webster Groves Sch. Dist. v. Pulitzer Pub. Co.*, 898 F.2d 1371, 1376 (8th Cir. 1990). In exercising its discretion of whether to seal judicial records, "a court balances the interest served by the common-law right of access ... against the salutary interests served by maintaining confidentiality of the information sought to be sealed." *Wood v. Robert Bosch Tool Corp.*, No. 4:13CV01888 PLC, 2016 WL 7013034, at *5 (E.D. Mo. Nov. 30, 2016) (*quoting IDT Corp. v. eBay*, 709 F.3d 1220, 1223 (8th Cir. 2013)).

3.      When faced with similar circumstances, another court in this circuit has granted leave to file highly confidential business information under seal. *See Klein v. Prime Therapeutics, LLC*, 2018 WL 1586038, *4 (D. Minn. 2018).  In *Klein*, the Defendants filed motions to continue sealing highly confidential business records pursuant to a novel local rule similar to Local Rule 13.05. *Id.* at *2.  There, the court granted the motions to continue sealing, in part because "the documents are judicial records that should be sealed because the public right of access is *de minimis* when compared to Defendants' interests of nondisclosure...." *Id.* at *3.

4.      Here, the document Maritz seeks to file under seal contains highly confidential business information the public interest in which is *de minimis*.

5.      Maritz provides the following justification for filing this Exhibit under seal:

   a. Exhibit to Preliminary Injunction: This document consists of a list of Maritz customers with whom Defendants are prohibited from conducting business under the Preliminary Injunction.  This information is highly confidential, as any competitor of Maritz or Whistle might gain a competitive advantage by obtaining the knowledge of customers whom Maritz values so highly so as to seek judicial protection therefor and/or customers from whom Whistle is restrained from doing business as such competitors know they would face less competition in soliciting business therefrom.  In addition, Maritz's relationship with certain of the entities on this list is confidential.

6.      At the hearing on Maritz's Motion for Preliminary Injunction, the Court indicated that this Exhibit should be maintained under seal, and counsel for the Defendants indicated no opposition.

7.      In accordance with Local Rule 13.05(A)(4)(B)(i), Maritz states that no non-party produced documents are attached to its Memorandum; as such no notice to any such non-parties has been served.

WHEREFORE, Maritz respectfully requests the Court maintain the above-described Exhibit under seal and grant all other relief the Court deems appropriate.

Respectfully submitted,

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

*/s/ Bradley W. Tharpe*
Gregg M. Lemley, MO #44464
Daniel P. O'Meara, PA #53535 (*pro hac vice*)
Justin A. Allen, IN #3120449 (*pro hac vice*)
Bradley W. Tharpe, MO #71203
7700 Bonhomme Ave, Suite 650
St. Louis, MO 63105
Tel: (314) 802-3935
Fax: (314) 802-3936
gregg.lemley@ogletree.com
dan.omeara@ogletree.com
justin.allen@ogletree.com
brad.tharpe@ogletree.com

***Attorneys for Plaintiffs***

## CERIFICATE OF SERVICE

I hereby certify that on July 26, 2021, the foregoing was filed through the Court's ECF/CM system which made service on all registered participants.

*/s/ Bradley W. Tharpe*

47892611.1