## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| MARITZ HOLDINGS INC. and MARITZ MOTIVATION INC., ) ) ) Plaintiffs, ) ) v. ) ) DREW CARTER, *et al.*, ) ) Defendants. ) | Case No. 4:21-cv-00438 |

**DEFENDANTS' MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**

COME NOW Defendants Drew Carter ("Carter"), Chris Dornfeld ("Dornfeld"), Jesse Wolfersberger ("Wolfersberger"), Laurel Newman ("Newman"), Andrew Hrdlicka ("Hrdlicka"), Ben Valenti ("Valenti"), Daniel Conwell ("Conwell") (collectively, the "Individual Defendants") and Whistle Systems, LLC and We Whistle, LLC (collectively, "Whistle") (Whistle collectively with the Individual Defendants defined as "Defendants"), by and through their undersigned attorneys, and for their Motion to Dismiss the Second Amended Complaint ("Motion") pursuant to Federal Rule of Civil Procedure 12(b)(6) state as follows:

1.  Plaintiffs Maritz Holdings Inc. and Maritz Motivation Inc. (collectively, "Maritz") laid off or furloughed a large number of employees during the Summer of 2020, including a number of the Individual Defendants in August of 2020. Once terminated and with no source of income or benefits, a number of the Individual Defendants formed a company called Whistle, which Maritz believes is competing or will compete with Maritz. In its Second Amended Complaint, Maritz makes the assumption that, in order for Whistle to compete with Maritz, the Individual Defendants must be using Maritz's generalized "trade secrets."

2.	Based on those assumptions, on April 15, 2021, Maritz filed its Complaint for Injunctive Relief and Damages against Defendants seeking to prohibit the Defendants from making a living.  After Defendants filed their Motion to Dismiss Maritz's original complaint on May 7, 2021 (Doc. 38), Maritz filed an Amended Complaint (Doc. 45) attempting to cure its deficient allegations.  After Defendants moved to dismiss the Amended Complaint, Maritz sought and was granted leave to file a Second Amended Complaint (Doc. 79).  The Second Amended Complaint, however, fares no better than the first two iterations.

3.	Maritz's Count I for breach of restrictive covenant fails pursuant to FED. R. CIV. P. 12(b)(6) because the Second Amended Complaint and attachments thereto make it clear that those agreements lack consideration and are otherwise unreasonable and unenforceable on their face.  Accordingly, Count I should be dismissed.

4.	Counts II and III for trade secret misappropriation fail because Maritz improperly groups all of the Individual Defendants together without specifying how certain of the Individual Defendants are alleged to have misappropriated Maritz's purported trade secrets.  Moreover, the trade secret misappropriation claims do not sufficiently allege and describe the purported trade secrets at issue.  Rather, the Second Amended Complaint rattles of a broad and unlimited list of general categories of information.  Maritz's claims that all of the Individual Defendants have misappropriated undescribed "intangible" trade secrets are perhaps more problematic, since they are premised on the "inevitable disclosure" doctrine and Maritz does not even attempt to explain what "intangible" trade secrets it believes the Individual Defendants have in their heads and will "inevitably" disclose.  Accordingly, Counts II and III should be dismissed.

5.	Maritz's Count IV for breach of fiduciary duty and the duty of loyalty fails because the Second Amended Complaint does not allege the usurpation of any corporate opportunity, nor

does it contain any well-pled facts supporting the alleged solicitation of Maritz's customers or prospective customers at any time, let alone while the Individual Defendants were still employed by Maritz.  The alleged solicitation of Maritz's employees cannot form a basis for a breach of fiduciary duty, since under well-settled Missouri law, employees are free to plan amongst themselves and set up a competing business.  Accordingly, Count IV should be dismissed.

6. Maritz's Count V for unjust enrichment fails for the same reason that the misappropriation claims fail.  The Second Amended Complaint merely groups *all* of the Individual Defendants together without any factual allegations that all of them misappropriated purported trade secrets or have benefited from the supposed misappropriation.

7. Maritz's Count VI fails to state a claim for tortious interference under Missouri law because the restrictive covenants lack consideration, are otherwise unenforceable on their face, and are therefore void as a matter of law.  Accordingly, Count VI should be dismissed.

8. Count VII of the Second Amended Complaint fails to state a claim for violation of the Computer Fraud and Abuse Act ("CFAA") because, pursuant to *Van Buren v. United States* (141 S. Ct. 1648 (2021)), an employee exceeding his or her authorization does not give rise to CFAA liability.

9. In support of this Motion, pursuant to Local Rule 4.01, Defendants file their Memorandum of Law in Support and hereby incorporate it as if fully set forth herein.

WHEREFORE, for each of the reasons stated herein and in their Memorandum of Law in Support, Defendants, Drew Carter, Chris Dornfeld, Jesse Wolfersberger, Laurel Newman, Andrew Hrdlicka, Ben Valenti, Daniel Conwell, Whistle Systems, LLC and We Whistle, LLC, hereby request that the Court enter an Order dismissing the Second Amended Complaint for failure to

state a claim upon which relief can be granted, with prejudice, and providing them any such other and further relief as the Court deems just and proper under the circumstances.

    RESPECTFULLY SUBMITTED,

    **DREW CARTER, CHRIS DORNFELD, JESSE WOLFERSBERGER, LAUREL NEWMAN, ANDREW HRDLICKA, BEN VALENTI, DANIEL CONWELL, WHISTLE SYSTEMS, LLC AND WE WHISTLE, LLC**

    */s/ Matthew R. Barrett*

    Richard Z. Wolf, #6301209(IL *pro hac vice*)
    Matthew R. Barrett, #6308549(IL *pro hac vice*)
    **HORWOOD MARCUS & BERK CHARTERED**
    500 W. Madison Avenue, Suite 3700
    Chicago, Illinois 60661
    Ph:    312-606-3200
    Fax:    312-606-3232
    rwolf@hmblaw.com
    mbarrett@hmblaw.com

    Brian M. Wacker, #61913(MO)
    Justin A. Welply, #65262(MO)
    **SMITHAMUNDSEN LLC**
    120 S. Central Avenue, Suite 700
    Saint Louis, Missouri 63105
    Ph:    314-719-3700
    Fax:    314-719-3710
    bwacker@salawus.com
    jwelply@salawus.com

    ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

      The undersigned attorney of record hereby certifies that he caused a true and correct copy of the foregoing **DEFENDANTS' MOTION TO DISMISS THE SECOND AMENDED COMPLAINT** to be filed electronically in the United States District Court for the Eastern District of Missouri on this 10th day of August, 2021. Notice and a complete copy of this filing will be served upon all counsel of record by operation of the Court's CM/ECF electronic filing system.

                                          */s/*     *Matthew R. Barrett*

5969427/1/20460.001